Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7642 | **DATE** | 6/19/2003 |
| **CASE TITLE** | Darlene Giesbrecht vs. United Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion for summary judgment pursuant to FRCP 56 is [201-] granted. Judgment is entered in favor of United Insurance on all counts. This is a final and appealable order. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 19 2003 date docketed | | 31 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 JUN 19 AM 8:24 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARLENE GIESBRECHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00 C 7642 |
| | ) |
| UNITED INSURANCE COMPANY OF | ) Wayne R. Andersen |
| AMERICA, a corporation, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendant United Insurance Company of America for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Darlene Giesbrecht is a citizen and resident of the State of Illinois. According to her complaint, Ms. Giesbrecht suffers from a variety of different medical ailments, including fibromyalgia, asthma, serious allergies, rheumatoid arthritis, osteoarthritis, and multiple herniated spinal discs. (Complt. at ¶ 3.) Defendant United Insurance Company of America ("United Insurance") is a corporation incorporated under the laws of the State of Illinois, with its national headquarters located in the United Insurance Building in Chicago, Illinois.

The plaintiff began working for United Insurance on June 11, 1990. During her employment with the defendant, the plaintiff held a number of different positions. At the end of her tenure, her title was Senior Marketing Research Analyst. While employed at United

Insurance, Giesbrecht informed her supervisors that the environmental conditions within the United Insurance Building were causing an increase in the frequency and severity of her asthma attacks. For example, Giesbrecht requested that her workspace be moved away from a photocopier which purportedly was emitting "pollutants" that were causing her considerable discomfort. Additionally, because of her back problems, the plaintiff required the use of an ergonomic chair, which was provided to her by the defendant. Further, Giesbrecht was allowed to take one month off from work with full pay and benefits to attend a pain clinic. According to the defendant, this was all done in an effort to reasonably accommodate the plaintiff's numerous medical problems.

In 1998, United Insurance decided to undergo a corporate restructuring by means of a reduction in force. As part of this process, the defendant informed its employees there was a possibility that their employment could be eliminated as part of the restructuring. Giesbrecht in particular was informed that her job was in jeopardy because of a reorganization within the Marketing Department. In keeping with this warning, on September 25, 1998, Giesbrecht was informed by her supervisor that her position within the Marketing Department was being partially eliminated and partially replaced by computer software. Her discharge from United Insurance was effective as of that date.

Giesbrecht was quickly able to find new employment. Within six weeks of her discharge, she was hired by Bankers Life and Casualty Company for a salary that exceeded what she had been paid by United Insurance. At Bankers Life, the plaintiff is employed as a Marketing Analyst II and performs job functions similar to those she had at United Insurance. On September 4, 1998, Giesbrecht filed a charge of discrimination with the United States

Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act ("ADA"). On July 22, 1999, the plaintiff filed a supplemental charge with the EEOC alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On August 31, 2000, the EEOC issued a Notice of Right to Sue Letter. The instant complaint was filed on December 5, 2000.

The defendant filed its Rule 56 motion for summary judgment on September 13, 2002. A briefing schedule was set whereby Giesbrecht was to respond to the motion by November 22, 2002. However, because of her medical problems and the need to attend to pressing issues at her job, we granted numerous extensions of time for her to file her responsive memorandum. The last of these extensions ordered her to respond to the motion by April 1, 2003. As of the middle of June 2003, she still has not filed her brief.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986). A genuine dispute about a material fact exists only if the evidence is such

that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548 (1986).

In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party and should not make credibility determinations or weigh evidence. *Association Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir. 1994). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Anderson*, 477 U.S. at 252. Employment discrimination cases, while often turning on factual questions, are nonetheless amenable to summary judgment when there is no genuine dispute of material fact or there is insufficient evidence to demonstrate the presence of the alleged motive to discriminate. *Cliff v. Board of School Comm'r*, 42 F.3d 403, 409 (7th Cir. 1994).

## I.     Local Rule 56.1

Local Rule 56.1 sets forth specific requirements for both the party moving for summary judgment as well as for the non-moving party. It directs the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgment as a matter of law." N.D. Ill. L.R. 56.1(a)(3). The party opposing the summary judgment motion must respond to each of the purported undisputed facts with a "concise response to the movant's statement." N.D. Ill. L.R. 56.1(b)(3)(A). The Local

4

Rules specifically state that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." N.D. Ill. L.R. 56.1(b)(3)(B). Given that the plaintiff has not filed any response to the defendant's motion or any of its material facts despite being given multiple opportunities to do so, the defendant's allegations in its Rule 56.1 statement are deemed admitted unless they are unsupported by the evidence or contradict each other. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[w]e have consistently held that a failure to respond by the nonmovant as required by the local rules results in an admission"); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000) (same).

## II. Plaintiff Cannot Establish a *Prima Facie* Case of Disability Discrimination

To survive summary judgment, Giesbrecht must show that the record contains evidence that she was discharged because of United Insurance's discriminatory motive. *See Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 393 (7th Cir. 1998). She can prove discrimination through either direct evidence or the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Here, there is no evidence of direct discrimination, so Giesbrecht must proceed under the indirect burden-shifting method. Under *McDonnell Douglas*, an employee has the initial burden of proving a *prima facie* case of disability discrimination, which requires the establishment of three elements: 1) that she is disabled within the meaning of the ADA; 2) that she is qualified to perform the essential functions of her job either with or without reasonable accommodation; and 3) that she has suffered from an adverse employment decision because of her disability. *See Dvorak v. Mostardi Platt Associates, Inc.*, 289 F.3d 479, 483 (7th Cir. 2002); *Bekker v. Humana Health Plan, Inc.*,

229 F.3d 662, 669-70 (7th Cir. 2000). If she meets her *prima facie* case, the burden of production then shifts to her employer to articulate some legitimate, non-discriminatory reason for its employment decision. *See McDonnell Douglas*, 411 U.S. at 802. Once the employer submits this proffered reason, the burden then shifts back to the plaintiff to show that her employer's stated reason is merely pretextual. *See Hong v. Children's Mem'l Hosp.* 993 F.2d 1257, 1261 (7th Cir. 1993).

### A. Disability

The ADA's definition of disability encompasses a "physical or mental impairment that substantially limits one or more of the major life activities," "a record of such an impairment," or the status of "being regarded as having such an impairment." 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). According to the Code of Federal Regulations, a person is "substantially limited" if, compared to the average person in the general population, she cannot perform or is limited in the manner in or extent to which she can perform one of the recognized activities. 29 C.F.R. § 1630.2(j)(ii); *see also Dvorak*, 289 F.3d at 483. When the major life function is "working," the disability must substantially limit a person's ability to perform a broad range of jobs, not merely a particular job with one employer. *See Webb v. Clyde L. Choate Mental Health & Dev. Ctr.*, 230 F.3d 991, 998 (7th Cir. 2000); *Cebertowicz v. Motorola, Inc.*, 178 F. Supp. 2d 949, 953 n.5 (N.D. Ill. 2001). Indeed, to show she is significantly restricted from working, the ADA requires Giesbrecht to show more than an inability to perform her former job. She must prove that her condition substantially impaired her ability to perform either a class of jobs or a broad range of jobs in

various classes as compared to the average person having comparable training, skills and ability. *See* 29 C.F.R. § 1630.2(j)(3)(i); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 506 (7th Cir. 1998).

In this case, the record on the issue of whether Giesbrecht was in fact disabled for purposes of the ADA is unclear. United Insurance asserts that her purported ailments did not prevent her from performing all of the essential tasks of her positions either at Bankers Life and Casualty Company or at United Insurance. On the other hand, Giesbrecht has indicated both in her complaint and her deposition that her medical conditions were so debilitating as to "substantially impair" her ability to perform any job function at United Insurance without considerable accommodation. Thus, since we are required to construe the facts in a light most favorable to Giesbrecht, we find there is a genuine issue of material facts as to her status as a disabled person under the ADA.

### B.     Adverse Employment Action

United Insurance has provided substantial evidence that Giesbrecht's ultimate discharge from the company was not a result of her disability. According to the defendant's Rule 56.1 Statement of Material Facts, the plaintiff's position with the company was partially eliminated as part of a larger corporate reduction in force. For those job responsibilities that were not eliminated, United Insurance made the reasonable business decision to have them performed by computer software. (Def. 56.1 Stmt. at ¶ 17.) Significantly, Giesbrecht has offered no evidence demonstrating that this particular decision to discharge her was motivated by her disability status. This is important because, as the Seventh Circuit has repeatedly stated, a reduction in force is a legitimate reason for terminating an employee's employment. *Paluck v. Gooding Rubber Co.*,

221 F.3d 1003, 1012 (7th Cir. 2000); *see also Ghosh v. Indiana Dep't of Envtl. Mgmt.*, 192 F.3d 1087, 1093 (7th Cir. 1999) ("this court does not sit as a 'super-personnel department' to review a company's honest business decisions"). Therefore, because Giesbrecht has provided absolutely no evidence to support her burden of proving that she suffered an adverse employment action because of her disability, she has failed to make out a *prima facie* case of disability discrimination. Accordingly, the Court need not address the issue of whether the defendant's reasons for firing her were merely a pretext for discrimination. *See Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003).

### III. Plaintiff Cannot Establish a *Prima Facie* Case of Sex or Age Discrimination

As with the disability discrimination claim, there is no direct evidence that United Insurance discriminated against Giesbrecht on the basis of her age or her sex. Accordingly, she must rely on the indirect burden-shifting method to prove her discrimination claim. To make out a *prima facie* case of either sex or age discrimination, Giesbrecht must establish that: 1) she belongs to some protected class; 2) she performed her job satisfactorily; 3) she suffered an adverse employment action; and 4) her employer treated similarly situated employees outside her classification more favorably. *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 875 (7th Cir. 2002).

With respect to these counts in the complaint, United Insurance concedes the first three elements of the *prima facie* case. This is wise because it is clear from the record that Giesbrecht is a member of a protected class (women and employees over 40 years of age), she performed her job satisfactorily, and she suffered an adverse employment action when she was discharged from the company. However, the defendant does contest the fourth *prima facie* element. Specifically,

United Insurance contends there is no evidence in the record which establishes that other similarly situated employees were treated more favorably than Giesbrecht. We agree. Because the plaintiff has failed to respond in a timely manner to the defendant's motion, we are forced to conclude there is simply no evidence that <u>any</u> similarly situated employee was treated more favorably than she was. Accordingly, we find that once again Giesbrecht has not met her burden of establishing a *prima facie* case of discrimination.

## IV. Plaintiff Cannot Establish a *Prima Facie* Case of Retaliation

Similar to a discrimination case, a plaintiff may establish a *prima facie* case of retaliation by direct evidence or by an adaptation of the *McDonnell Douglas prima facie* test to the retaliation context. *See Stone v. Indianapolis Public Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Again, in this case, we must use the indirect burden-shifting method as there is no direct evidence of retaliation present. Under the indirect method, Giesbrecht must first show that: 1) she engaged in statutorily protected activity; 2) she performed her job according to her employer's legitimate expectations; 3) despite her satisfactory job performance, she suffered an adverse employment action; and 4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *See id.*; *see also Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 466 (7th Cir. 2002). If the plaintiff establishes these elements, the burden shifts to United Insurance to come forward with a legitimate, non-invidious reason for the adverse employment action. *Id.* The Seventh Circuit has made it clear that throughout this process, the "burden of persuasion rests at all times on the plaintiff." *Klein v. Trustees of Indiana Univ.*, 766 F.2d 275, 280 (7th Cir. 1985). If the defendant presents a "legitimate, non-invidious reason for the adverse employment action," the burden shifts back to the plaintiff to

demonstrate that the defendant's reason is pretextual. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003).

As discussed above, Giesbrecht has not provided any evidence that she was treated less favorably than similarly situated employees. Even evaluating the evidence in the light most favorable to Giesbrecht, there is nothing in the record to suggest that other employees who did not engage in allegedly protected activities were treated better by her supervisors at United Insurance than she was. Accordingly, there are no disputed material facts and United Insurance is entitled to judgment as a matter of law on the plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is granted. Judgment is entered in favor of United Insurance on all counts. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 19, 2003